JOHN A. NORRIS, Petr. *vs.* MORRILL MCKENNEY et als., Co. Commrs.

Sagadahoc.   Opinion July 30, 1913.

*Amendment.  Compensation.  Deputy Sheriff.  Errors.  Fees.  Inferior*
*Courts.  Public Laws of 1907, Chapter 138.  Remuneration.*
*Revised Statutes, Chapter 79, Section 3.  Revised*
*Statutes, Chapter 29, Section 69.  Services.*

Public Laws of 1907, chapter 138, did not amend R. S., chapter 29, section 69, so as to increase the per diem compensation of deputy sheriffs engaged in the enforcement of the statutes prohibiting the illegal manufacture and sale of intoxicating liquors. The per diem compensation mentioned in said section 69 is to be regarded as a fee and remains fixed at two dollars.

On report.  Petition dismissed.

This is a petition brought under Revised Statutes, Chapter 79, section 3, by John A. Norris, a deputy sheriff of Sagadahoc County, against Morrill McKenney, C. M. Mason and A. B. Thwing as County Commissioners of said County, to compel said County Commissioners to correct an error in disallowing a part of petitioner's claim for services rendered by him under the provisions of Revised Statutes, Chapter 29, Section 69. The petitioner claimed a per diem compensation of three dollars per day and the County Commissioners allowed him two dollars per day for said services. The respondents filed a joint answer to said petition. By agreement of the parties, the case was reported to the Law Court, upon the petition, answer and agreed statement of facts, the Law Court to order such final decree to be made therein as the legal and equitable rights of the parties require. The case is stated in the opinion.

*Frank L. Staples,* for petitioner.

*Edward W. Bridgham, and George E. Hughes,* for respondents.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

PHILBROOK, J. This is a petition brought to this court under the provisions of R. S., chap. 79, sec. 3, which confers upon the Supreme Judicial Court the power of general supervision of all inferior courts for the prevention and correction of errors and abuses when the law does not expressly provide a remedy. The case is reported on an agreed statement of facts. The petitioner is a deputy sheriff of Sagadahoc county, and the defendants are the County Commissioners of the same county. The question at issue is, are deputy sheriffs entitled to a per diem compensation of two dollars only, for services rendered by them under the provisions of R. S., chap. 29, sec. 69, or do the provisions of P. L., 1907, chap. 138, entitle them to a per diem compensation of three dollars?

That portion of R. S., chap. 29, sec. 69, which is here under discussion reads as follows: "For services under this section, sheriffs, and their deputies acting under their directions, shall receive the same per diem compensation, as for attendance on the Supreme Judicial Court, the same fees for travel as for the service of warrants in criminal cases, together with such necessary incidental expenses as are just and proper." The services referred to are those rendered in the enforcement of the statute prohibiting the illegal manufacture and sale of intoxicating liquors. The act of 1907 under discussion reads as follows; quoting the title of the act as well as the act itself: "An Act to provide for the remuneration of Deputy Sheriffs. Be it enacted by the Senate and House of Representatives in Legislature assembled, as follows: Section 1. The remuneration of deputy sheriffs while in attendance upon Supreme Judicial Courts in the several counties, and in attendance on any court where jury trials may be held, shall receive for said attendance three dollars per day for such attendance. The fees provided by section sixty-nine of chapter twenty-nine of the revised statutes shall remain as heretofore established." The language of the first sentence, of the act last quoted, is ungrammatical, but the idea contained in that sentence is easily ascertained. The language of the second sentence of the act will be referred to later.

The petitioner claims per diem compensation of three dollars for services rendered under the provisions of R. S., chap. 29, sec. 69, while the defendants claim that such per diem compensation should be two dollars. Prior to 1907 the compensation to be paid deputy sheriffs, when ordered to attend the Supreme Judicial Court, or either of the Superior Courts, was fixed at two dollars per day, by R. S., chap. 117, sec. 5. The petitioner argues, first, that the compensation to be paid to sheriffs, and to their deputies acting under their direction, for services rendered under the provisions of R. S., chap. 29, sec. 69, was fixed, prior to 1907, as the same in amount as that to be paid to deputy sheriffs for attendance on the Supreme Judicial Court; and, second, that the Legislature in 1907, increased the compensation of deputy sheriffs for attendance upon the Supreme Judicial Court from two dollars per day to three dollars per day, thus drawing the conclusion that these two provisions necessarily increased the compensation due this petitioner for services rendered under the provisions of R. S., chap. 29, sec. 69. Both the major and minor premises of the syllogism must be sound if the conclusion is to be proved. In our opinion, the minor premise is not sound, hence the conclusion must fail.

The act of 1907 is not declared by the Legislature, in express terms, to be an amendment of any existing statute, but under the most elementary rules of law governing the construction of statutes it must be conceded that the act of 1907 did amend R. S., chap. 117, sec. 5, so far as that section applied to the remuneration of deputy sheriffs when ordered to attend certain courts. Did that act of 1907 also amend R. S., chap. 29, sec. 69? We think not. In support of this view attention is called to the second sentence in the act of 1907, which reads as follows: "The fees provided by section sixty-nine of chapter twenty-nine of the revised statutes shall remain as heretofore established." Herein lies the unsoundness of the minor premise of the petitioner. But he seeks to avert the force of this sentence by arguing that the fees referred to are only fees "for travel as for the services of warrants in criminal cases, together with such necessary incidental expenses as are just and proper," quoting from said section sixty-nine, also that the per diem renumeration is apart from the fees, and the restriction

upon change of fees does not therefore apply to the per diem remuneration. He also claims that the Legislature has clearly distinguished between "fees" and "compensation." He claims also that this court has so distinguished in *Sterling* v. *Cumberland County*, 91 Maine, 316. We cannot approve these latter claims. That the Legislature has not clearly distinguished between "fees" and "compensation" is shown in the same section sixty-nine which is now under consideration, where this language is used: "But said commissioners shall not allow any per diem compensation to said sheriffs or their deputies for any day for which said sheriffs or their deputies are entitled to fees or compensation for attendance at or services in any court." Here the use of the expression, "fees or compensation for attendance at or service in any court," shows that the Legislature not only did not distinguish between the words "fees" and "compensation" but used them as synonomous words. In R. S., chap. 117, the Legislature provides a long schedule of fees, and among them states what shall be paid a deputy sheriff for attending court, thus adopting the word "fees" for a per diem attendance. In the same chapter, the per diem compensation for grand and traverse jurors is fixed under the head of "fees," which indeed is the prevailing head of the whole chapter. Many other examples may be found in various legislative acts. Referring to the claim made by the petitioner that this court has distinguished between fees and compensation in *Sterling* v. *Cumberland County*, supra, we think the opposite is true. In that case, Mr. Justice Haskell, in construing this same section 69 of chap. 29, says: "Nothing can be plainer than that for all services under this statute the compensation fixed by it shall be in full satisfaction thereof. Now what does the statute require? 1. Diligent inquiry into all violations of law; 2. The institution of proceedings against offenders by complaint to magistrates and the execution of process granted by them; 3. Promptly informing county attorneys who offenders are, and giving them the names of witnesses. For doing this, what shall be the compensation? Two dollars a day and six cents a mile for travel, and also incidental expenses that are just and proper, and the county commissioners are made the arbiters to determine the whole matter, and order payment from the treas-

ury.  These are all the fees allowable for such services.  The legis-
lature considered them adequate, and when they are not, can pro-
vide compensation that is."  It seems plain that when Mr. Justice
Haskell said, "These are all the fees allowable for such services,"
he clearly referred to all three of the elements of compensation
mentioned in his previous sentence, viz.: "Two dollars a day and
six cents a mile for travel, and also incidental expenses that are
just and proper."

We conclude, therefore, that when the Legislature of 1907
enacted chapter one hundred thirty-eight, providing for the fees or
compensation of deputy sheriffs, when attending court, and
expressly declared that the fees provided by section sixty-nine of
chapter twenty-nine of the revised statutes shall remain as hereto-
fore established, it intended to regard the per diem compensation
of officers under the latter section as a fee, and hence the same
remains as heretofore established, namely, two dollars a day.

*Petition dismissed.*